# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. _22-CV-01666-GPG_

(To be supplied by the court)

_Ralph Hardy etc_____, Plaintiff

v.

_Megan Ring_____,

_Brian Mason_____,

_Richard Reigenborn_____,

_Adams County Colorado_____, Defendant(s).

**Jury Trial requested:**
(please check one)
___X___ Yes _____ No

**RECEIVED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

**AUG 29 2022**

JEFFREY P. COLWELL
CLERK

(List each named defendant on a separate line. If you cannot fit the names of all defendants in
the space provided, please write "see attached" in the space above and attach an additional
sheet of paper with the full list of names. The names listed in the above caption must be
identical to those contained in Section B. Do not include addresses here.)

PROPOSED SECOND AMENDED
## PRISONER COMPLAINT

### NOTICE

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from
public access to electronic court files. Under this rule, papers filed with the court should not
contain: an individual's full social security number or full birth date; the full name of a person
known to be a minor; or a complete financial account number. A filing may include only: the
last four digits of a social security number; the year of an individual's birth; a minor's initials;
and the last four digits of a financial account number.

**Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other
materials to the Clerk's Office with this complaint.**

## A.    PLAINTIFF INFORMATION

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address. Failure to keep a current address on file with the court may result in dismissal of your case.*

Ralph Hardy #21-7798 150 N. 19th Ave Brighton, Co. 80601
(Name, prisoner identification number, and complete mailing address)

_____
(Other names by which you have been known)

*Indicate whether you are a prisoner or other confined person as follows: (check one)*

**X**    Pretrial detainee
____    Civilly committed detainee
____    Immigration detainee
____    Convicted and sentenced state prisoner
____    Convicted and sentenced federal prisoner
____    Other: *(Please explain)* _____

## B.    DEFENDANT(S) INFORMATION

*Please list the following information for each defendant listed in the caption of the complaint. If more space is needed, use extra paper to provide the information requested. The additional pages regarding defendants should be labeled "B. DEFENDANT(S) INFORMATION."*

Defendant 1:    Megan Ring - Public Defender Adams County
(Name, job title, and complete mailing address)

1300 Broadway #400 Denver, Co. 80203

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?    **X** Yes ____ No *(check one)*. Briefly explain:

Defendant Megan Ring was acting in her official
Capacity as the Adam County Elected Public Defender

Defendant 1 is being sued in his/her **X** individual and/or **X** official capacity.

2

Defendant 2: Brian Mason Adams County District Attorney
(Name, job title, and complete mailing address)

1000 Judicial Center Dr. Brighton, Co. 80601

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? X Yes ___ No (*check one*). Briefly explain:

Defendant Brian Mason was acting in his official capacity as the Elected District Attorney of Adams County.

Defendant 2 is being sued in his/her X individual and/or X official capacity.

Defendant 3: Richard Reigenborn Sheriff of Adams County Co.
(Name, job title, and complete mailing address)

4430 S. Adams County Pkwy. Brighton, Co. 80601

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? X Yes ___ No (*check one*). Briefly explain:

Defendant Richard Reigenborn was acting in his official capacity and Collectively as Adams County, Co.

Defendant 3 is being sued in his/her X individual and/or X official capacity.

✳ Additional pages attached ✳

## C.    JURISDICTION

*Indicate the federal legal basis for your claim(s): (check all that apply)*

X    42 U.S.C. § 1983 (state, county, and municipal defendants)

___    *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (federal defendants)

X    Other: (*please identify*) 42 U.S.C. 1985 (3)

✳ Additional Page ✳

3

B. DEFENDANTS INFORMATION

Defendant 4: "Adams County" is a political Subdivision of the State of Colorado and is the Public Entity responsible for Adams County Detention Facility ("ACDF") ACDF is operated by the Adams County Sheriff's Department.

C. JURISDICTION

Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391 (b)(1) and (a). All of the events alleged herein occurred within the State of Colorado, and all parties herein were residents of the State of Colorado at the time of the events giving rise to this Complaint.

All Claims are brought pursuant to 42 U.S.C. § 1983 and 1985 (3) This Court has Subject Matter jurisdiction pursuant to 28 U.S.C § 1331 and 28 U.S.C. § 1343 (a)(4)

3 (a).

### D. . STATEMENT OF CLAIM(S)

*State clearly and concisely every claim that you are asserting in this action. For each claim, specify the right that allegedly has been violated and state all facts that support your claim, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim. You do not need to cite specific legal cases to support your claim(s). If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s). Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*

FIFTH AMENDMENT CLAIM FOR RELIEF

CLAIM ONE: § 1985 (3) Conspiracy to prevent exercising

Supporting facts:    Right to remain silent

(Attached pages are present)

1. While an inmate in ACDF, Mr. Hardy was subjected to threat, force intimidation and deception by Adams County jail deputies for attempting to exercise his clearly established right to remain silent as is guaranteed him under the Fifth Amendment to the United States Constitution.

2. At all times relevant Mr. Hardy was housed in A-Module and removed from his cell for an attorney-client visit with his Public Defender, Jennifer Chu. Mr. Hardy was placed in front of a laptop computer that was strategically placed under the A-Mod. Control tower talking vent[1].

---

1. The talking vent is used by floor deputies to verbally communicate with officers in the Control Tower.

4

3. The laptop provided to Mr. Blandy had no headphones and its volume was set at maximum level.

4. Two deputy sheriff detention officers were seated directly adjacent to Mr. Blandy with cell phones in their hands in the posture of recording the process.

5. Mr. Blandy's court appointed Counsel appeared on screen and identified herself as deputy Public Defender Jennifer Chu.

6. Mr. Blandy immediately informed his Counsel that law enforcement was present, could hear their Communication and had Cellphones in their possession and were in the posture of recording their Communication, to which Ms Chu replied — "I know".

7. Ms. Chu began to address matters of discovery in Mr. Blandy's Criminal Case and informed him that she had watched the videos footage of the person at the parts Counter picking up parts and signing invoices with Someone elses name, and that it was Clearly him in the video.

4(A)

8. Mr. blardy informed Ms. Chu that she had just gave law enforcement a positive identification of him as the person committing an alleged criminal offense, to which Ms. Chu failed to respond.

9. Mr. Hardy then asked Ms. Chu if she thought law enforcement who had heard her positive identification of him as the criminal suspect would relay this information back to the District Attorney, to which Ms. Chu replied "who knows what they do".

10. Mr. Hardy then asked Ms. Chu if the District Attorney could use the information they were discussing in the presence of law enforcement against him in trial.

11. Ms. Chu responded that it could not be used as direct evidence because of the privilege but it was possible to be use in other ways that she would not be able to challenge since it wont show up on record as error. Specifically, the information could possibly be used to pick a mixed jury, or to frame arguments or witness questions; deciding which witness to call or not to call, evidence to agree on and jury instruction requests, but its not within the scope of challenge when used in such ways.

4(a)

12. Mr. Hardy advised Ms. Chu that he no longer wished to discuss his case with her in the presence of law enforcement.

13. Ms. Chu untruthfully advised Mr. Hardy that the jail was under COVID Quaranteen, and it was either discuss it presently under the current conditions or wait till the pandemic was over. Ms. Chu further advised Mr. Hardy that his speedy trial deadline was coming up in December, and it was now October, and in order to meet the speedy trial clock she had to be ready for trial, so these changes need to be discussed.

14. Mr. Hardy contends that he was forced to choose between his right to remain silent under the Fifth Amendment to the United States Constitution as well as his Sixth Amendment right to attorney client confidentiality in order to protect his constitutional speedy trial right.

15. Also in October 2021 Mr. Hardy again made a virtual court appearance from the ACDF, in Boulder County cases 21CR1762 and 21CR 1506. Mr. Hardy was again provided a jail laptop with no headphones, and the volume set

4(c)

at maximum level, also with law enforcement
in the room, later identified as Deputy Jones.
Ms. Jones was in possession of her cell phone
pointed at Mr. Hardy in the posture of recording
the proceedings.

16. Mr. Hardy made a contemporaneous
objection to the Court on behalf of his Boulder
Public Defender Sammuel Dunn due to Adams
County law enforcement being in the room with
him to eavesdrop privileged communication. The
Boulder judge acknowledged Mr. Hardy's objection
and informed him that he had a right by Rule
and the Constitution to have confidential talks
with his attorney.

17. Mr. Hardy turned the laptop toward
the law enforcement officer in the room who got
caught off guard and was exposed pointing her
cell phone at Mr. Hardy.

18. Deputy Jones called for back-up
which presented two unidentified deputies to the
room who physically threw Mr. Hardy to the
floor causing permanent injury to a pre-existing
injury which allows him only brief
mobility to exercise or participate in brief

recreational sports to the ultimate use of a
walking Cane and/or a wheelchair for long
distance traveling due to swelling and physical
discomfort from being reinjured.

19. Although Mr. Hardy Complained of his
injury to the two unknown deputies, Mr. Hardy
was not provided access to medical until
weeks later.

20. Mr. Hardy was advised by the two deputies
that it was policy for law enforcement to be in
the room with the jails Computer, and if he
did not want to talk about his Case with his
attorney in front of law enforcement he had to
sign a refusal for court. Deputies advised Mr.
Hardy that signing the refusal would make his
judge angry, and it Could result in a Failure
to appear; and it would toll the speedy trial
Clock.

21. Mr. Hardy Contends that by the use of
force, threat, intimidation and deception, he was
again forced to give up his Fifth Amendment right
to remain Silent, and his Sixth Amendment right
to attorney Client Confidentiality in order to protect
himself from physical harm, as well as to protect
his Constitutional Speedy Trial rights.

22. On June 20, 2022 Adams County Sheriff Deputy Whistleblower "Spence" informed a 63 man open dorm pod that the office of the Public Defender, the office of Alternate Defense Counsel, the District Attorney's Office and Sheriff Richard Reigenborn entered into some type of agreement that would allow law enforcement inside the ACAF to monitor all attorney Client Communications being Conducted over Webex and zoom, in order to limit inmate Contact with Criminal Justice System employees, to prevent them from potentially being exposed to the COVID-19.

23. Plaintiff Ralph Hardy and those similarly Situated Contend, that Defendant Megan Ring, Brian Mason, Richard Reigenborn and Adams County, intentionally and maliciously Conspired to force him and those similarly situated to give up their Constitutional rights to remain silent under the Fifth Amendment to the United State Constitution in order to protect their own personal interests in not being potentially exposed to the COVID-19. Moreover, In so doing, deprived them of their rights to Confidentiality and their right to a fair trial due to the number of ways the Confidential privileged disclosures Can be used that Cannot be tested in

4 (F)

the adversarial process; and ultimately results
in an unconstitutional conviction and deprivation
of liberty as is clearly protected and guaranteed
under the Fourteenth Amendment to the United States
Constitution.

24. Plaintiff Ralph Hardy and those similarly
situated, also state that threats, force, intimidation,
and deception were used in order to prevent them
from exercising their clearly established Right to
remain silent as guarantied under the Fifth
Amendment to the United States Constitution and in
so doing were in violation of the Federal Communications
Act and the United States Criminal Code pursuant to
18 U.S.C. § 241, § 242, and § 245, in order to carry
out their unlawful conspiracy.

D. STATEMENT OF CLAIMS

CLAIM TWO: Sixth Amendment Claim for relief.
1983, 1985(3) Conspiracy to prevent the free
exercise of Plaintiffs Clearly established right to
attorney-client Confidentiality.

FACTS AS TO CLAIM TWO; (continued next Page)

4 (G)

FACTS AS TO CLAIM TWO; CONTINUED.

24. Plaintiff Ralph Hardy and those similarly situated hereby adopt all facts and matters as pled in paragraphs 1 through 23 as if alleged herein, with respect to Claim Two.

D. STATEMENT OF CLAIMS

CLAIM THREE    Sixth Amendment Claim for relief 1983- Deprivation of Plaintiff's Constitutional Right to Effective Assistance of Counsel.

FACTS AS TO CLAIM THREE

25. Plaintiff Ralph Hardy and those similarly situated hereby adopt all facts and matters as pled in paragraphs 1 through 24 as if alleged herein with respect to Claims one and Two.

26. Plaintiff Ralph Hardy and those similarly situated contend that they have been deprived of their clearly established rights to effective assistance of Counsel by the acts or omissions of Defendants Megan Ring, Brian Mason, Adams County, and Richard

4(H)

Reigenborn, when they unlawfully entered into a
tacit Conspiracy, agreement, plot, plan, or
scheme to allow privileged Communication to be
heard, in violation of Public Policy in the Colorado
Rules of Professional Conduct, Rule 1.6 (c) et seg.
As a proximate result of their intentional acts or
omissions, sensitive and incriminating facts and
matters regarding Mr. Handy's Criminal Charges,
including discussions on evidence, trial strategies,
tactical decisions and jury instruction requests
were allowed to be disclosed to Adams County law
enforcement on numerous occasions, that is now
more likely than not, to be used against him
by the prosecution, in ways that it can and will
go undetected on the record as error; and in ways
that it Cannot be tested by any attorney in the
adversarial process.

    27. Plaintiff Ralph Handy and those similarly
situated, cannot now or ever be provided an attorney
who is Capable of adequately representing them,
and protecting their Constitutional rights to a fair
trial, because of the likelyhood of Confidential
disclosures being used against them in ways that are
impossible for any attorney to defend against.

                    4(I)

thus depriving them of their clearly established
right to effective assistance of Counsel under
the Sixth Amendment to the United States
Constitution.

D. STATEMENT OF CLAIM

CLAIM FOUR : Sixth Amendment Claim for relief
1983- Deprivation to be represented by Conflict
free Counsel.

FACTS AS TO CLAIM FOUR

"28 Plaintiff Ralph Hardy and those
similarly situated hereby adopt all facts and matters
as pled in paragraphs 1 through 27 as if alleged
herein with respect to Claims one, Two and Three.
    29. Plaintiff Ralph Hardy and those similarly
situated Contend, that as a proximate result of
the acts or omissions of the Defendants named
herein, as setforth and alleged have deprived
them of being represented by Conflict free Counsel.
Specifically, by entering into the tacit Conspiracy,
agreement or Contract that allowed law enforcement

to hear or obtain Confidential disclosures that
are supose to be privileged and protected
Communications in order to protect their own
personal interests it undermined the attorney
client relationship and affected the attorney's
duty of loyalty, zealous advocacy and confidentiality
that Created a permanent Conflict in the attorney-
client relationship with respect to all Court
appointed Counsel's with the Public Defenders
office, and the office of the OADC. Court appointed
Counsel's Contributed to the violation of Plaintiff
Ralph Hardy's Constitutional Rights under the
Fifth and Sixth Amendments, which presents a
fact that they must now defend themselves.
Moreover, as a proximate result of the acts or
omissions of Defendant Megan Ring and Lindy
Frolich, and the attorney's under their supervisory
jurisdictions, the Confidentiality error was
their invited error, which prevents the attorney's
from the Public Defenders office and OADC from
attempting to advocate for their clients Concerning
the error they themselves Created; thus affecting
their ability to adequately defend because of a
ineffective assistance of Counsel due to a Conflict

4(K)

- of interest.

30. Plaintiff Hardy and those Similarly Situated, Contend that the intentional acts or omissions of the Defendants named herein, and those under their employ have deprived them of their Clearly established rights to be represented by Conflict-free Counsel as guaranteed by the Sixth Amendment to the United States Constitution, ultimately resulting in an unconstitutional Conviction and deprivation of their liberties in violation of due process of law, as guaranteed under the Fourteenth Amendment to the United States Constitution.

0. STATEMENT OF CLAIMS

CLAIM FIVE   Fourteenth Amendment Claim for relief -1983 Discrimination and deprivation of equal protection under the law.

FACTS AS TO CLAIM FIVE

31. Plaintiff Ralph Hardy and those similarly Situated hereby incorporate and allege all facts and matters as pled in paragraphs 1 through 30 with respect to Claims one, through Four.

4(L)

32. In the administrative grievance process, ACDF refer to the office of the Public Defender, the District Attorney's office, the office of the Sheriff, Adams County and the rest of the Adams County Criminal Justice System employees as Stakeholders in the virtual Court process being Conducted in ACDF. Collectively, the policies and procedures being Carried out were approved equally by those employed by the Adams County Criminal Justice System, to include the Defendants named herein.

33. Plaintiff Ralph Hardy and those similarly Situated Contend that the virtual Court process taking place inside ACDF and approved by all employees of the Adams County Criminal Justice System was constitutionally infirm from the onset, and deprived indigent Criminal defendants of their Constitutional Confidentiality rights, but allowed attorney-Client Confidentiality to those who were not indigent and Could hire private attorney's and afford to put money on their personal inmate Homeway Phone Account.

34. Relative to this Claim, all private attorney's who were hired by non indigent Criminal defendants repeatedly refused to use

4(m)

the audio visual devices connected to webex and zoom under the premise that it was constitutionally unsafe to use. Several privately retained Counsel's have recently come forward to reveal their thoughts and assessments regarding the ACDF webex and zoom applications on jail computers. They request to be called as witnesses in the event this case proceeds to trial.

35. Inmates who could hire private attorney's could have their attorney's register a phone number in the inmate phone system. The non-indigent inmate could then add funds to his "general funds" account and be able to call their attorney and speak confidentially with their attorney. Those who were indigent and had court appointed counsel, and could not afford to put money on their inmate account were forced to speak with their attorney's with law enforcement present who could hear privileged disclosures about their criminal case.

36. At all relevant times, the rich were provided a means to speak with their attorney's confidentially and the poor were not, in violation of the equal protection clause to the United States Constitution.

4(N)

D. STATEMENT OF CLAIMS

CLAIM SIX : Fourteenth Amendment Claim for relief.
1983- Implementation of an unconstitutional
Criminal Process repugnant to process due under
the law.

FACTS AS TO CLAIM SIX

37. Plaintiff Ralph Hardy and those similarly
Situated hereby alleges and incorporate all facts
and matters contained in paragraphs 1 through 36
as if pled and alleged herein with respect to
Claims one through five.

38 Defendants Megan Ring, Brian Mason
Richard Reigenborn, and Adams County, in
Cooperation with the judges of the 17th Judicial
District, designed, implemented, approved, agreed
Conspired, Contracted or otherwise created and set
in motion a pseudo version of Criminal procedure
that they knew or reasonably should have known
would violate the Constitutional rights of Criminal
Defendants being detained in ACAF.

39 During the COVID pandemic there were
Courthouse Closures, suspension of jury trials

4(o)

Social distancing issues that were addressed in
Administrative order 2020-01, originally implemented
by then Chief Judge, Ben Coats of the Colorado
State Supreme Court. Addendums were added
by chief judges of the own respective judicial
Districts which addressed not only the pandemic.
but the backlog of cases and jury trials that had
speedy trial deadlines. The Adams County Criminal
justice System was simply not prepared for the
pandemic and the Criminal Court docket was at
a near stall and complete breakdown.

40. In order to prevent this breakdown, the
Powers that be, including the defendants named
herein, agreed Conspired, approved implemented or
otherwise Set in motion an unauthorized and
unconstitutional system of justice that they knew
or reasonably Should have known would violate
the Constitutional rights of the accused, for the
express purpose of keeping the Criminal Court
docket alive.

41. Defendants Megan Ring, Brian Mason
Adams County and Sheriff Richard Reigenborn,
implemented, approved, adopted or otherwise
created procedures Contrary to Constitutional
law, that included using Adams County Public

4(p)

Defenders as bait during first advisement in order to illicit privileged communications from the accused in order to establish probable cause for what may have been an unlawful warrantless arrest.

42. Keeping in mind that the whole intent behind allowing "already exposed" law enforcement to monitor attorney client communication was to prevent attorney's and Sheriff's investigators from making face to face contact with inmates for fear of possible COVID exposure. The named defendants herein intentionally and maliciously adopted, implemented, caused, approved or in some other fashion invented the first advisement process in order to bypass self incrimination requisites that would warn the accused against self incrimination. Specifically, in order for the sheriff's investigators to obtain statements and establish probable cause after the warrantless arrest, the initial Public Defender at first advisement was used as bait and to provide the accused with a false sense of security to distract their attention from law enforcement in the room with cell phones either recording

4 (a)

or live feeding the process taking place.

43. Authorities, by experience are subtly aware that most warrantless arrests come with a suspect under the influence of drugs and alcohol and are eager to get back to their habits. In their minds, the attorney is their Savior. The attorney is the person going to plead their case and get them a P.R. bond or obtain some fantasy first advisement acquittal.

44. Under this new pseudo version of due process procedure that was designed, implemented, approved, choreographed or otherwise set in motion by the defendants named herein, the procedure for first advisement was intentionally and maliciously invented so that the accused would not be made aware of their right to remain silent until after incriminating statements were obtained by law enforcement. Specifically the accused is placed in front of a laptop inside the jail in a hallway or small room with law enforcement and their potential recording device. The first person to make contact with them is a preassigned first

4 (R)

Advisement Public Defender, which by the way
completes a conflict of interest between the
Public Defenders office and the accused, since
the Public Defender just contributed to a violation
of the accused Fifth and Sixth Amendment rights
to remain silent, and to attorney-client Confidentiality,
because the Public Defender is precognitively aware
that law enforcement is tapping into privileged
communication so that members of the Public
Defenders office and the District Attorney's office
do not have to make personal appearances to the
jail pursuant in the tacit agreement they made
to avoid potential exposure to the COVID-19.

45. In any event, the assigned Public
Defender is the first outside contact made with
the accused since the arrest. This in turn
triggers the factors as pled in paragraph 43
above. Being provided contact with an attorney
automatically provides the accused with a false
sense of security, because they are, after all,
speaking to their personal self fantasized
savior, which triggers a barrage of self serving
incriminating statements about the arrest,
witnesses, evidence and verbiage that is now

in the hands of law enforcement. Investigators
are now provided this privileged information in
order to start building their case against the
accused.

46. After obtaining Plaintiff's original
statement, as well as all others statements, similarly
situated, the judge comes on screen and ironically
enough advises the accused of the right to
remain silent, which is about 5 to 10 minutes
to late.

47. Plaintiff Ralph Wardy and those similarly
situated contend that this homemade version of
Criminal procedure violated their procedural
due process rights and deprived them of a
fair criminal process. Not only did the defendants'
contribute to violating Plaintiff's confidentiality
rights, they created a knowing conflict of interest
that they completely ignored during the whole
pre trial process, and in thousands of cases
over the 19 month span, Criminal defendants entered
into plea agreements and went to jury trials
being represented by attorney's with whom
they were in a conflicted relationship.

48. Under this pseudo version of Criminal

4(T)

procedure, sheriff's investigations were
able to establish probable cause after a
warrantless arrest; they were allowed to get
and use privileged information against the
accused that they may have never legally
obtained using regular interrogative tactics and
Constitutional Rules of engagement. Prosecutors
were able to submit these statements and
potential witnesses, and information into discovery
and use it against the accused, which could
not be challenged by the defense because it
was an invited Fifth Amendment error from the
criminal defendant's own attorney's. To challenge it
meant to admit violating the Constitutional rights
of their own client.

49. These intentional and malicious acts or
omissions by the defendants named herein, deprived
Plaintiff Ralph Blandy and those similarly situated
of their right to Conflict-free Counsel, their
right to effective assistance of Counsel, their
rights to remain silent, their rights to Confidentiality
and their right to a fair adversarial process,
in violation of their clearly established due
process rights as is guaranteed by the Fourteenth

Amendment to the United States Constitution.

50. The Judges of the 17th Judicial District have Contributed to the acts and or omissions of the defendants named herein, by showing bias and advocacy in favor of the defendants

51. Director Lindy Frolich of the OADC was somehow provided sealed information from in Camera proceedings in 21-CR3453; 21CR-776 and 21CR3548 that she presented in a Public Motion to reinstate attorney Martha Eskesen back to a Criminal Case where Conflict was established. The only place she could have obtained this sealed information was from the judge who sealed it. Moreover, it was provided to Ms. Frolich by the judge in order to establish a partial defense to the allegations made against her in this Case, with respect to her actions Creating a Conflict of interest in the attorney-Client relationship in Adams County Case People V. Graham, 21-CR-776 and 21CR-3548;

52 A petition has been filed with the 2nd Judicial District Chief judge requesting the appointment of a special prosecutor and the

4(v)

impaneling of a grand jury to investigate the
criminal disclosure of sealed files to an outside
source by a district Court judge, in an attempt
to protect a fellow member of the Criminal
justice System from liability in a Federal Civil
Rights Complaint.

4(ω)

**E.    PREVIOUS LAWSUITS**

Have you ever filed a lawsuit, other than this lawsuit, in any federal or state court while you were incarcerated? ☒ Yes ___ No (*check one*).

*If your answer is "Yes," complete this section of the form. If you have filed more than one previous lawsuit, use additional paper to provide the requested information for each previous lawsuit. Please indicate that additional paper is attached and label the additional pages regarding previous lawsuits as "E. PREVIOUS LAWSUITS."*

Name(s) of defendant(s):    No Named Defendants

Docket number and court:    22-CV-0000009-GPG

Claims raised:    Access To the Courts

Disposition: (is the case still pending?
has it been dismissed?; was relief granted?)    Dismissed w/o Prejudice

Reasons for dismissal, if dismissed:    unable to Cure defects

Result on appeal, if appealed:    No Appeal

**F.    ADMINISTRATIVE REMEDIES**

*WARNING: Prisoners must exhaust administrative remedies before filing an action in federal court regarding prison conditions. See 42 U.S.C. § 1997e(a). Your case may be dismissed or judgment entered against you if you have not exhausted administrative remedies.*

Is there a formal grievance procedure at the institution in which you are confined?

☒ Yes ___ No (*check one*)

Did you exhaust administrative remedies?

☒ Yes ___ No (*check one*)

5

E. PREVIOUS LAWSUITS

DEFENDANTS :   Jennifer Chu and Robert White

CASE No. :     22-CV-146

CLAIMS RAISED :   Conspiracy to violate Constitutional Rights

DISPOSITION :    Dismissed failure to prosecute w/ Prej.

REASON :     Sheriff refused to Serve Defendants
            under indigent Status

NO APPEAL

**G.  REQUEST FOR RELIEF**

*State the relief you are requesting or what you want the court to do.  If additional space is needed to identify the relief you are requesting, use extra paper to request relief.  Please indicate that additional paper is attached and label the additional pages regarding relief as "G. REQUEST FOR RELIEF."*

WHEREFORE, Plaintiff Ralph Hardy respectfully requests that this Court enter judgment in his behalf and against the defendants and award him the following: A) Compensatory damages, but not limited to, physical pain and injury, deprivation of privileges, retaliatory treatment, and mental and emotional harm; B) Nominal damages as provided by law. C) Punitive and/or exemplary damages. D) Attorney Fees and Costs as provided by law; E) Pre and post-judgment interests, Costs and expert witness fees, and Such

**H.  PLAINTIFF'S SIGNATURE** ~~SEE~~ ATTACHED PAGE ~~2~~

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct.  *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Ralph Hardy

(Plaintiff's signature)

08/21/2022

(Date)

(Revised February 2022)

6

G. RELIEF REQUEST CONTINUATION

other relief as the court deems just and proper.

PLAINTIFF REQUESTS A JURY TRIAL ON ALL ISSUES
SO TRIABLE

Respectfully,

Ralph Hardy

ACDF # 21-7798
150 N. 19th Ave  B1-11
Brighton, Co. 80601
Plaintiff, pro se.

6 (a).

Ralph Hardey
ACDF# 21-7798
150 N. 19th Ave Bill
Brighton, Co.
80601

LEGAL MAIL

LEGAL MAIL

ADAMS COUNTY
DETENTION FACILITY
AUG 2 6 2022

United States District Court
901 19th St
Room A105
Denver, Co.

80294-3589

LEGAL MAIL

LEGAL MAIL

ENCLOSED MATERIAL HAS NOT
BEEN INSPECTED BY ADAMS
COUNTY DETENTION FACILITY



US POSTAGE AND PITNEY BOWES

ZIP 80601
02
0000375819 AUG 26 2022

$ 002.40⁰